1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

PRINCIPAL LIFE INSURANCE COMPANY,

12

Plaintiff,

13

v.

14

15

THE ESTATE OF SERGIO BOTELLO DIAZ, et al.,

16

Defendants.

17

Case No. 1:23-cv-00261-CDB

**ORDER DENYING PLAINTIFF'S PETITION TO APPOINT GUADALUPE PANTOJA PEREZ AS GUARDIAN AD LITEM FOR S.B. AND M.B.**

(Doc. 14)

<u>TEN-DAY DEADLINE</u>

18

## **BACKGROUND**

19       On February 17, 2023, Plaintiff Principal Life Insurance Company ("Principal") filed a

20  complaint-in-interpleader against The Estate of Sergio Botello Diaz ("the Estate"), Rogelio Botello

21  Diaz ("Rogelio" or "the Beneficiary"), Guadalupe Pantoja Perez ("Perez"), Jackelin Botello

22  ("Jackelin"), Deisy Botello ("Deisy"), S.B., and M.B.  (Doc. 1).

23       According to the allegations of the complaint, Sergio Diaz ("the Decedent") was an

24  employee of Grimmway Enterprises, Inc., and was covered by an ERISA-governed employee

25  welfare benefit plan ("the Plan") managed by Principal.  *Id*. ¶ 11.  The Plan includes coverage for

26  voluntary term life and voluntary accidental death and dismemberment. *Id*. ¶¶ 11-12.

27       The Decedent passed away on September 5, 2021, in Arvin, California, after suffering

28  multiple gunshot wounds in what was deemed to be a homicide.  *Id*. ¶ 14.  As a result of the

Decedent's death, his Plan benefits became payable.  The payable benefits under the Plan include $10,000.00 under the group term life benefits, $500,000.00 under the voluntary term life benefits, and $500,000.00 under the accidental death and dismemberment benefits.  *Id*. ⁋ 15.

At the time of the Decedent's death, Rogelio was designated as the primary beneficiary of the Plan benefits. In addition, the Decedent's group term life policy provides that if he dies while insured, Principal will pay his beneficiary the benefit on the date of the Decedent's death. *Id*. at 5. Any benefit due a beneficiary that does not survive the Decedent will be paid in equal shares to the surviving beneficiaries. However, if no beneficiary survives the Decedent or no named beneficiary exists, Principal will make payments in the following order of precedence: (1) The Decedent's spouse or domestic partner; (2) The Decedent's children born to him or legally adopted to him; (3) the Decedent's parents; (4) the Decedent's brothers and sisters and; (5) if none of the above are applicable, to the executor or administrator of the Decedent' estate or other persons provided in the group policy. *Id*.

However, the Policy further provides that "if a beneficiary is suspected or charged with your death, the Death Benefit may be withheld until additional information has been received or the trial has been held.  If a beneficiary is found guilty of [the Decedent's] death, such beneficiary may be disqualified from receiving any benefit due.  Payment may then be made to any contingent beneficiary or to the executor or administrator of your estate." *Id*.

Rogelio submitted a claim for the benefits under the Plan just days after the Decedent's homicide – on September 8, 2021. *Id*. ⁋ 18. Thereafter, Principal contacted the Arvin Police Department, who confirmed that the Decedent's death was at that time still under investigation and that no one, including Rogelio, has been cleared as a suspect in the Decedent's death.  *Id*. ⁋ 22. Principal also contacted Perez, who stated she did not have divorce documents and that divorce documents were not filed prior to or the time of the Decedent's death, which may implicate community property issues. *Id*. ⁋ 23.

By its complaint, Principal asks the Court to adjudicate the issue of who among the interpleader Defendants are rightly entitled to benefits under the Plan.  In addition, Principal asks that the Court enter an order enjoining the interpleader Defendants from maintaining any action

against Principal, the Plan, or Decedent's employer for recovery of the benefits. *Id*. at 7.

When the Defendants failed to timely respond to the complaint or otherwise appear, the Court ordered Principal to apply for defaults as to each Defendant. (Doc. 10). Thereafter, Principal filed an application seeking to delay the date by which it must apply for defaults. (Doc. 11). In its application, Principal represented that both Rogelio and Perez had agreed to disclaim any interest in the Plan benefits and an agreement in principle had been reached pursuant to which the Decedent's four minor children would receive the benefits. *Id*. p. 2.

Principal filed a Motion to Appoint Guardian Ad Litem on August 18, 2023. (Doc. 14). The motion is unopposed and the time to file and opposition has passed. No other party, including Perez, the proposed guardian ad litem, has appeared in this action.

## STANDARD OF LAW

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the induvial during the litigation. *See id*. (noting,"[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but must "be truly dedicated to the best

interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot carry any impermissible conflict of interest with the ward. Courts also consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c);

. . . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App.4th 36, 50 (2007)).

## DISCUSSION

Principal's motion asserts that Perez has consented to being the guardian ad litem for S.B. and M.B. Furthermore, Principal represents that Perez has resolved her potential conflicts of interest since she disclaimed her independent stake in the benefits under the Plan. (Doc. 14 ¶ 17).

4

1    The Court finds that Principal's pleadings are insufficient to enable the Court to ascertain

2    independently whether Perez is a suitable guardian ad litem for S.B. and M.B.[1]  While Principal

3    represents that Perez "has disclaimed her independent stake in the benefits" under the Plan (*id.*),

4    the Court has received no disclaimer forms or sworn statements by Perez to corroborate counsel's

5    unsworn assertions.  Nor does the Court have information before it as to whether Perez retains

6    any interest in the minor children's share of benefits.

7         Relatedly, the Court notes that the proposed recipients are the Decedent's minor children -

8    yet, the Court has no information before it to assess the nature of the relationship, if any, between

9    the children and Perez (the Decedent's spouse).  For instance, Principal has proffered no

10   information as to whether Perez is the mother of any of the four anticipated recipients of the Plan

11   benefits.  Such information is necessary to determine whether Perez may have a conflict of

12   interest that bars her from serving as guardian ad litem.

13        Moreover, Perez has submitted no declaration more generally attesting that she is

14   competent, responsible, able, and willing to serve as the guardian ad litem for S.B. and M.B. *See*

15   *Watson v. Cty. Of Santa Clara*, 468 F. Supp. 2d 1150, 1155 (N.D. Cal. 2007) (requiring "a written

16   declaration that the proposed guardian ad litem is independent and would act in the best interests

17   of the minors") (emphasis removed); *Johnson v. Johnson*, No. 1:19-cv-00105-LJO-SAB, 2019

18   WL 13248650, *2 (E.D. Cal. Jan. 28, 2019) (requiring submission of evidence to demonstrate

19   competency).

20        Furthermore, Principal represents that no one, including the Beneficiary (Rogelio) has

21   been cleared as a suspect in the Decedent's homicide.  (Doc. 1 ⁋ 22).  It can also be inferred from

22   Principal's filing that Perez has either divorced or was in the process of divorcing the Decedent at

23   the time of his passing. *Id.* ⁋ 23.  Although parents are generally appointed as guardian ad litem

24   for the minors they seek to represent, there may be situations where the interests of the minor and

25   the interests of the parent conflict.  *E.g.*, *Gutierrez v. City of Visalia*, 1:21-cv-01700-JLT-HBK,

26   2022 WL 1489479, *2 (E.D. Cal. May 11, 2022).

27   _____

28        [1] Principal did not plead and has not presented the Court with any evidence – whether
     documentary or testimonial – establishing the ages of S.B. and M.B; thus, the Court is unable to
     independently verify that the minors are, in fact, minors.

In addition, since Perez, S.B., and M.B. have not appeared in this action, it is unknown whether they are represented by counsel. Under Local Rule 202(a), the attorney *representing the minor* or incompetent person shall present the appropriate evidence of the appointment of guardian ad litem.  The Motion to Appoint Guardian Ad Litem at issue was filed by counsel for Principal, which presents a possible conflict of interest, notwithstanding Principal's avowed stance as a disinterested party.

### CONCLUSION AND ORDER

For the reasons set forth above, Principal's motion to appoint Perez as guardian ad litem for S.B. and M.B. is DENIED without prejudice.

Principal is ORDERED to file a renewed motion within 10 days of the issuance of this order.

In addition to remedying the deficiencies outlined in this order, the renewed motion must comply with Local Rule 202.  Among other things, the renewed motion must be accompanied by a written declaration from Perez that sets forth her competency to act on the minors' behalf, her familial relationships with the Decedent and his children, and her identification or disavowal of any conflicts of interest.

Failure to comply with this Order may result in the imposition of sanctions, including financial sanctions and dismissal of the action.

IT IS SO ORDERED.

Dated:   **September 22, 2023**

UNITED STATES MAGISTRATE JUDGE