UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF SERGIO BOTELLO DIAZ, et al.,<br><br>Defendants. | Case No. 1:23-cv-00261-CDB<br><br>**ORDER DENYING PLAINTIFF'S PETITION TO APPOINT GUADALUPE PANTOJA PEREZ AS GUARDIAN AD LITEM FOR S.B. AND M.B.**<br><br>(Doc. 17) |

Pending before the Court is the motion of Plaintiff Principal Life Insurance Company ("Principal") to appoint Defendant Guadalupe Pantoja Perez ("Perez") as guardian ad litem for minor Defendants S.B. and M.B. (Doc. 17). Following its review of Principal's motion and supporting materials, its receipt of Perez's sworn testimony during the motion hearing, and consideration of counsel's oral argument, for the reasons set forth below, the Court finds that S.B. and M.B.'s interests can be adequately represented by Perez without the need to appoint her as their guardian ad litem. *See* L.R. 202(a)(3), Fed. R. Civ. P. 17(c). Accordingly, the Court will deny Principal's motion.

**BACKGROUND**

On February 17, 2023, Principal filed a complaint-in-interpleader against The Estate of Sergio Botello Diaz ("the Estate"), Rogelio Botello Diaz ("Rogelio" or "the Beneficiary"), Perez,

1    Jackelin Botello ("Jackelin"), Deisy Botello ("Deisy"), and minors S.B. and M.B.  (Doc. 1).

2           According to the allegations of the complaint, Sergio Diaz ("the Decedent") was an
3    employee of Grimmway Enterprises, Inc., and was covered by an ERISA-governed employee
4    welfare benefit plan ("the Plan") managed by Principal.  *Id*. ¶ 11.  The Plan includes coverage for
5    voluntary term life and voluntary accidental death and dismemberment. *Id*. ¶¶ 11-12.

6           The Decedent passed away on September 5, 2021, in Arvin, California, after suffering
7    multiple gunshot wounds in what was deemed to be a homicide.  *Id*. ¶ 14.  As a result of the
8    Decedent's death, his Plan benefits became payable.  The payable benefits under the Plan include
9    $10,000.00 under the group term life benefits, $500,000.00 under the voluntary term life benefits,
10   and $500,000.00 under the accidental death and dismemberment benefits.  *Id*. ¶ 15.

11          At the time of the Decedent's death, Rogelio was designated as the primary beneficiary of
12   the Plan benefits. In addition, the Decedent's group term life policy provides that if he dies while
13   insured, Principal will pay his beneficiary the benefit on the date of the Decedent's death. *Id*. at 5.
14   Any benefit due a beneficiary that does not survive the Decedent will be paid in equal shares to
15   the surviving beneficiaries. However, if no beneficiary survives the Decedent or no named
16   beneficiary exists, Principal will make payments in the following order of precedence: (1) the
17   Decedent's spouse or domestic partner; (2) the Decedent's children born to him or legally
18   adopted to him; (3) the Decedent's parents; (4) the Decedent's brothers and sisters and; (5) if
19   none of the above are applicable, to the executor or administrator of the Decedent's estate or other
20   persons provided in the group policy. *Id*.

21          However, the Policy further provides that "if a beneficiary is suspected or charged with
22   your death, the Death Benefit may be withheld until additional information has been received or
23   the trial has been held.  If a beneficiary is found guilty of [the Decedent's] death, such beneficiary
24   may be disqualified from receiving any benefit due.  Payment may then be made to any
25   contingent beneficiary or to the executor or administrator of your estate." *Id*.

26          Rogelio submitted a claim for the benefits under the Plan just days after the Decedent's
27   homicide – on September 8, 2021. *Id*. ¶ 18. Thereafter, Principal contacted the Arvin Police
28   Department, who confirmed that the Decedent's death was at that time still under investigation

and that no one, including Rogelio, has been cleared as a suspect in the Decedent's death. *Id*. ¶ 22. Principal also contacted Perez, who stated she did not have divorce documents and that divorce documents were not filed prior to or at the time of the Decedent's death, which may implicate community property issues. *Id*. ¶ 23.

By its complaint, Principal asks the Court to adjudicate the issue of who among the interpleader Defendants are rightly entitled to benefits under the Plan. In addition, Principal asks that the Court enter an order enjoining the interpleader Defendants from maintaining any action against Principal, the Plan, or Decedent's employer for recovery of the benefits. *Id*. at p. 7.

When the Defendants failed to timely respond to the complaint or otherwise appear, the Court ordered Principal to apply for defaults as to each Defendant. (Doc. 10). Thereafter, Principal filed an application seeking to delay the date by which it must apply for defaults. (Doc. 11). In its application, Principal represented that both Rogelio and Perez had agreed to disclaim any interest in the Plan benefits and an agreement in principle had been reached pursuant to which the Decedent's four minor children would receive the benefits. *Id*. p. 2.

On October 2, 2023, Principal filed a renewed motion to appoint Perez (the mother of S.B. and M.B.) as guardian ad litem for S.B. and M.B. on October 2, 2023. (Doc. 17). On October 12, 2023, the Court convened a hearing on Principal's motion via Zoom videoconference. (Doc 19). Cindy Rucker appeared as counsel of record for Principal and Perez appeared on her own behalf.[1] No other Defendant appeared.

## **STANDARD OF LAW**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R.

---

[1] Consistent with the information Principal offered in its filings (*see* Doc. 17-1 ¶ 6), Perez informed the Court during the hearing that she did not intend to retain a lawyer and was prepared to proceed pro se. The Court admonished Perez that she had defaulted in her obligation to timely respond to Principal's complaint and, accordingly, was at risk of sustaining a default and default judgment.

1 Civ. P. 17(b)(1).

2 Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the induvial during the litigation. *See id*. (noting,"[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot carry any impermissible conflict of interest with the ward. Courts also consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-

4

CDB, 2022 WL 17584396, *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App.4th 36, 50 (2007)).

Under limited circumstances, courts have held that a guardian ad litem need not be appointed if it can determine that the minor otherwise is or can be adequately protected by, for instance, the minor's parent. *E.g.*, *Prudential Ins. Co. of Am. v. Remington*, No. 2:12-cv-02821-GEB-CMK, 2013 WL 3070629, *2 (E.D. Cal. Mar. 23, 2013) (finding no need to appoint parent guardian ad litem of defendant minor where nothing in the record suggested she had a conflict or would not protect the minor's interests). *Accord*, *Jackson v. Magical Cruise Co., Ltd.*, No 6:14-cv-1997-Orl-18KRS, 2016 WL 2647689, *1 (M.D. Fla. 2016) ("the Court need not appoint a guardian ad litem" where parent with no conflicts can adequately represent minor party's interests), *R&R adopted*, 2016 WL 2733422 (M.D. Fla. May 9, 2016); *Liberty Mut. Fire Ins. Co. v. Coffman*, No. 5:08-cv-00256, 2009 WL 959407, *3 (S.D. W. Va. Apr. 7, 2009) (same); *Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 544 (M.D.N.C. 1996) (same).

## **DISCUSSION**

In support of its motion, Principal proffers the declaration of Perez (Doc. 17-1) in which she attests she was the wife of the Decedent at the time of his death on September 5, 2021. *Id.* ¶ 1. She married the Decedent in July 2002, and they had four children together, Jackelin, Deisy, S.B., and M.B. *Id.* ¶ 2.

Perez attests that she and the Decedent agreed to file for divorce before his passing and was under the impression that the divorce paperwork was filed at around sometime in 2020. *Id.* ¶ 3. However, she was advised that her divorce proceeding was never initiated. *Id*. Perez further attests that she had disclaimed her interest to the Policy benefits and does not retain any interest in her minor children's share of the benefits. A "Disclaimer and General Release" attached to her declaration is consistent with Perez's declaration. Perez further attests that since she disclaimed and disavowed her interest in the Policy benefits, she does not have a conflict of interest between herself and any of her children, including S.B. and M.B. *Id.* ¶ 4. Perez declares that she is competent, responsible, able, and willing to serve on behalf of S.B. and M.B. *Id.* ¶ 5. Perez also attested that she is not represented by counsel and does not intend to be represented by counsel in

5

this proceeding. *Id*. ¶ 6.

Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, Local Rule 202(a)(3), and based on its review and consideration of Principal's motion and supporting materials, Perez's sworn testimony during the motion hearing, and counsel's oral argument, the Court finds it unnecessary to appoint a guardian ad litem to represent the interests of S.B. and M.B. in this matter. The Court finds that the concerns outlined in its Order denying Principal's original petition to appoint Perez as guardian ad litem for S.B. and M.B. were resolved through Perez's sworn declaration (Doc. 17-1) and testimony. In particular, Perez's sworn statements and evidence establishing that she disclaimed any interest she might have to the Policy benefits resolves the possible conflict of interest the Court perceived Perez might harbor following its review of the original petition. Moreover, all evidence available to the Court suggests Perez will act in the best interests of S.B. and M.B. *See Prudential Ins. Co. of Am.,* 2013 WL 3070629, *2.

The Court further finds that it is in the best interest of the minors that Perez be permitted and authorized by the Court to represent the interests of S.B. and M.B. in this matter, including, potentially, for the purpose of compromising the respective claims of the minors. *See* Local Rule 202(a)(3); Fed. R. Civ. P. 17(c); *Liberty Life Assur. Co of Boston v. Beecham*, No. CIV S-08-501 LKK KJM PS, 2008 WL 3892079, at *3 (E.D. Cal. Aug. 21, 2008) (approving stipulated conclusions of law setting out that adult defendant is authorized to represent the interests of the minors in an ERISA interpleader action).

## **CONCLUSION AND ORDER**

For the forgoing reasons, Principal's motion for appointment of guardian ad litem (Doc. 17) is denied as moot.

IT IS SO ORDERED.

Dated: **November 1, 2023**

UNITED STATES MAGISTRATE JUDGE