UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>THE ESTATE OF SERGIO BOTELLO DIAZ, *et al.*,<br><br>            Defendants. | Case No. 1:23-cv-00261-CDB<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PRINCIPAL LIFE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 25)<br><br>**14-DAY DEADLINE**<br><br>Clerk of Court to Assign District Judge |

Pending before the Court is the motion of Plaintiff Principal Life Insurance Company ("Principal") for default judgment against Defendant Rogelio Botello Diaz ("Rogelio")[1], filed on November 21, 2023. (Doc. 25). No Defendant filed an opposition to the motion and the time to do so has expired. On December 27, 2023, the Court convened for hearing on the motion. (Doc. 26). Attorney Cindy Rucker appeared on behalf of Principal via Zoom videoconference and no other parties made an appearance. *Id*. For the reasons set forth below, the undersigned recommends that Principal's motion be granted.

**Background**

Principal initiated this action with the filing of a complaint in interpleader on February 17, 2023. (Doc. 1). Principal's claims arise in connection with the passing of Sergio Botello Diaz (the "Decedent"), who was an employee of Grimmway Enterprises, Inc., and a participant in a Grimmway-sponsored, ERISA-governed employee welfare benefit plan (the "Plan"). *Id*. ¶11.

---

[1] The undersigned shall refer to Defendant Rogelio Botello Diaz as "Rogelio" for the sake of simplicity as several other defendants share his surname.

Decedent was covered under a group term life policy and other components of the Plan, issued by Principal to Grimmway. *Id*.

The Decedent passed away on September 5, 2021, in Arvin, California, as a result of multiple gunshot wounds. *Id*. ¶14. Decedent's death was confirmed to be a homicide. Following his death, the Decedent's benefits under the Plan became payable, including group term life benefits in the amount of $10,000, voluntary term life benefits valued at $500,000, and accidental death and dismemberment benefits in the amount of $500,000. *Id*. ¶15.

At the time of the Decedent's passing, Rogelio was designated as the primary beneficiary of the Plan benefits. *Id*. ¶16. The Plan does not name any contingent beneficiaries. Furthermore, the Plan provides that if no beneficiary survives the Decedent, or if no beneficiary is named, then the Plan provides payments in the following order of precedence:

> to your spouse or Domestic Partner;
>
> to your children born to or legally adopted by you;
>
> to your parents;
>
> to your brothers and sisters;
>
> if none of the above, to the executor or administrator of your estate or other persons as provided in the Group Policy.
>
> However, if a beneficiary is suspected or charged with your death, the Death Benefit may be withheld until additional information has been received or the trial has been held. If a beneficiary is found guilty of your death, such beneficiary may be disqualified from receiving any benefit due. Payment may then be made to any contingent beneficiary or to the executor or administrator of your state.

(Doc. 1 p. 5).

Rogelio submitted a claim for benefits under the Plan on or around September 8, 2021. *Id*. ¶18. Thereafter on November 5, 2021, Principal contacted the Arvin Police Department seeking information regarding Decedent's death, including whether anyone was arrested in connection with his homicide. At the time of its filing of the complaint, Principal maintained regular communication with the Arvin Police Department and represents that Decedent's death is still under investigation — no one, including Rogelio, has been cleared as a suspect in Decedent's

2

death. *Id*. ¶¶21-22.

Based in part in the provisos quoted above, Principal maintains that it is "unable to determine without peril the party to whom the benefits under the Policies are payable." *Id.* ¶24. By its action, Principal requests that the Court (1) place the policy benefits into an interest bearing account for future disbursement; (2) adjudicate the issue of who among the interpleader defendants is rightfully entitled to the benefits under the policies; (3) enjoin the interpleader defendants from maintaining any action against Principal, Grimmway, or the Plan for recovery of any claim related to the benefits; (4) award Principal reimbursement for the costs, attorneys' fees, and other expenses it expended in the prosecution of this interpleader lawsuit out of the funds to be deposited; (5) dismiss Principal with prejudice from this action; and (6) award Principal with other further relief, as appropriate. (Doc. 1 p. 7).

On October 18, 2023, Principal requested entry of default against Rogelio since he was served with a summons and complaint on April 28, 2023, but has not filed an answer or otherwise appeared in this action. (Docs. 8, 22). The Clerk of the Court entered default on the same day. (Doc. 23).

**Legal Standard**

In general, "default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). Prior to entry of default judgment, there must be an entry of default. *See* Fed. R. Civ. P. 55. Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam). However, "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762-PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)); *accord DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (allegations that do no more than "parrot" the elements of a claim not deemed admitted). "[F]acts which are not established by the

3

pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.") (per curiam). The Ninth Circuit has set out seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Entry of default judgment is not appropriate where the second and third factors weigh against plaintiff. *See Mnatsakanyan v. Goldsmith & Hull APC*, No. CV-4358 MMM (PLAx), 2013 WL 10155707, *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors.") (citing cases).

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp.2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright *et al.*, Fed. Prac. and Proc. § 2688, at 63 (3d ed. 1998)). However, courts may decline to enter default judgment if a party's claims are legally insufficient. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Aldabe*, 616 F.2d at 1092-93 ("Given the lack of merit in appellant's substantive claims, we cannot say that the district court abused its discretion in declining to enter a default judgment in favor of appellant").

**Discussion**

    **1. This Action Was Properly Brought as an Interpleader Action**

The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Principal's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"),

4

29 U.S.C. § 1001, *et seq*.  *See Herman Miller, Inc. Ret. Income Plan v. Magallon*, No. 2:07-cv-00162-MCE-GGH, 2008 WL 2620748, at *2 (E.D. Cal. July 2, 2008) ("[U]nder ERISA, a cause of action exists which establishes subject-matter jurisdiction, based on the existence of a federal question").

An interpleader action involves a two-step process.  "'First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability.  The second stage involves an adjudication of the adverse claims of the defendant claimants.'" *Metro Life Ins. Co. v. Billini*, No. S-06-02918 WBS KJM, 2007 WL 4209405, at *2 (E.D. Cal. Nov. 27, 2007) (quoting *First Interstate Bank of Or. v. U.S.*, 891 F. Supp. 543, 546 (D. Or. 1995)). "The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder . . . is whether the stakeholder legitimately fears multiple vexation against a single fund." *Big Island Yacht Sales v. Dowty*, 848 F. Supp. 131, 133 n.1 (D. Haw. 1993) (quoting 7 Charles Alan Wright, *et al.*, Fed. Prac. and Proc. § 1704 (1986)). "Discharge is normally granted absent bad faith by the stakeholder." *Western Conference of Teamsters Pension Plan v. Jennings*, No. C-10-03629-EDL, 2011 WL 2609858, at *5 (N.D. Cal. June 6, 2011) (hereinafter "*Jennings*").

Principal alleges that Decedent's death benefits have multiple possible claimants. (Doc. 1 ¶24).  As there is no alleged bad faith by Principal, Rogelio properly is subject to interpleader and litigation of any claims he may have to the benefits under the Plan.

**2. Adequacy of Service of Process**

"As a threshold matter in considering a motion for default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested." *Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013) (internal quotation and citation omitted).

Here, the summons returned executed represents that Rogelio was personally served with process at an address in the Eastern District of California.  (Doc. 8).  This is adequate service under Rule 4(e), Fed. R. Civ. P.

5

### 3. The *Eitel* Factors

#### A. Possibility of Prejudice to Principal

The first *Eitel* factor requires the Court to consider the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave plaintiff without a proper remedy. *Philadelphia Indem. Ins. Co. v. United Revolver Club of Sacramento, Inc.*, No. 2:18-cv-2960-KJM-DB, 2020 WL 773419, at *3 (E.D. Cal. Feb. 18, 2020) (*citing Landstar Ranger, Inc*, 725 F. Supp.2d at 920).

Since Rogelio has refused to defend this action, if default judgment is not entered, Principal would be left without a proper remedy. *See Primera Life Ins. Co. v. Annalyn Ngo*, No. 2:23-CV-01478-JLS-AFM, 2023 WL 7308310, at *2 (C.D. Cal. Oct. 20, 2023); *Am. Gen. Life Ins. Co. v. Durbin*, No. CV 15-4137 MO (Ex) 2016 WL 3583826, at *3 (C.D. Cal. June 10, 2016) ("[Plaintiff] would be prejudiced if default judgment is not entered because it would be denied the benefits of the interpleader device"). In addition, without entry of default judgment, the other interpleader defendants will be unable to resolve their competing claims. *Jennings*, 2011 WL 2609858, at *3. Indeed, granting Principal's motion would not substantially affect Rogelio's ability to seek a share of the proceeds, but rather would clear an impediment of the resolution of this matter due to his refusal to appear and litigate. The Court finds that the first *Eitel* factor weighs in favor of granting default judgment to Principal.

#### B. Sufficiency of the Complaint and the Likelihood of Success on the Merits

The second and third *Eitel* factors require the Court to consider the merits of the plaintiff's substantive claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. The Court considers these two factors together given the close relationship between the two inquiries. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp.2d 1039, 1055 (N.D. Cal. 2010).

These two factors will favor entry of default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010). Relevant here, the primary purposes for an action in interpleader are "(1) to protect the party depositing the funds with the court from

secondary, follow-up actions and (2) to protect the resources of the interpleading party." *Western Reserve Life Assur Co. of Ohio v. Canul*, No. 1:11-cv-01751-AWI-JLT, 2012 WL 844589, at * 2 (E.D. Cal. Mar. 12, 2012) *F&R adopted*, 2012 WL 1074952 (E.D. Cal. Mar. 29, 2012) (citing *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010)).  Principal's complaint seeks protection from potentially conflicting claims of the interpleader defendants.  (Doc. 1 ¶28). Principal further alleges that it faces substantial risk of suffering multiple duplicate and inconsistent rulings if it is not afforded protection from the Court.  *Id*.  The Court finds that these factors favor default judgment.

### C. Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp.2d at 1176-77. Where a large sum of money is at stake, this factor disfavors default judgment. *Eitel*, 782 F.2d at 1472.  However, in an interpleader action, this factor typically is neutral where the insurer does not assert an interest in the funds and, instead, seeks to deposit the funds at issue with the court. *See Transamerica Life Ins. Co. v. Estate of Ward*, No. CIV S-11-0433 JAM EFB, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011).  Here the net amount of benefits payable under the Plan exceeds one million dollars.  (Doc. 1 ¶15).  Although that is a large amount, Principal disclaims interest in the benefits and asks only that the Court adjudicate the disbursement of funds in accordance with the insurance policy. *Trustees of ILWU-PMA Pension Plan*, 2013 WL 556800, at *6.  The Court finds that this factor is neutral.

### D. Possibility of Disputed Material Facts

The fifth *Eitel* factor requires the Court to consider whether a dispute exists regarding material facts.  *Eitel*, 782 F.2d at 1471-72.  Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is unlikely. *Landstar Ranger*, 725 F. Supp. 2d at 921-22.  Here, since Rogelio is in default, all of Principal's well pleaded factual allegations are taken as true. *TeleVideo Sys., Inc.*, 826 F.2d at 918 (citing *Geddes*, F.2d at 560).

Rogelio is unlikely to dispute Principal's grounds for interpleader.  As a neutral arbiter, Principal seeks only to deposit the benefit funds with the Court and have it adjudicate

disbursement of those funds in accordance with the relevant policies.  (Doc. 1 p. 7).  *See Transamerica Life Ins. Co.*, 2011 WL 5241257, at *4.  This factor favors default judgment.

### E.  Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor requires the Court to consider whether a defendant's default was due to excusable neglect.  *PespiCo*, 238 F. Supp.2d at 1177; *Eitel*, 782 F.2d at 1471-72.  This factor implicates due process and whether defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objection before a final judgment is rendered."  *Phillip Morris USA, Inc. v. Castworld Productions*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Rogelio was served with the summons and complaint.  (Doc. 8).  The Clerk of the Court entered default on October 18, 2023.  (Doc. 22).  Rogelio has not appeared in this action, and although Principal avers that Rogelio orally agreed to disavow any interest he may have to the benefits under the Plan, he made no effort to either confirm or deny Principal's averment.  (Doc. 25-1 pp. 2-3).  It is evident that Rogelio received reasonable notice of the pendency of this action, but nevertheless declined to appear.  Accordingly, this factor favors entry of default judgment.  *See Magic Leap, Inc. v. Tusa Tuc*, No. 17-cv-00264 NC, 2017 WL 10456729, at *3 (N.D. Cal. Aug. 17, 2017).

### F.  Policy of Deciding Cases on the Merits

The seventh *Eitel* factor emphasizes the "general rule that default judgments are ordinarily disfavored."  *Eitel*, 782 F.2d at 1472.  "Cases should be decided upon the merits whenever reasonably possible."  *Id*. (citing *Pena v. Seguros La Comersial*, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).  Rogelio's refusal to participate in this action renders a decision on the merits virtually impossible. This factor does not weigh against default judgment.

*    *    *    *    *

The Court has considered all the *Eitel* factors and finds that they weigh in favor of granting Principal's motion for entry of default judgment against Rogelio.

The Court notes that the proposed order on default filed by Principal in connection with its motion (Doc. 25-2) does not seek the award of any affirmative relief pleaded in Principal's

1    complaint.  Thus, for instance, Principal presently does not seek an order enjoining Rogelio from
2    maintaining any future action against it or the Plan for the recovery of any claim regarding the
3    benefits.  *Cf.* Doc. 1 (Complaint), Prayer for Relief ¶3.  Nor does Principal seek as part of any
4    default judgment against Rogelio a determination or declaration as to whether and the extent to
5    which Rogelio may (or may not) be entitled to benefits.

6    Indeed, at this juncture, it would be premature for the Court to entertain what appears to
7    be Principal's primary request for relief: to "adjudicate the issue of who among the Interpleader
8    Defendants is rightfully entitled to the benefits under the Policies."  *Id.* ¶2.  In particular,
9    notwithstanding that Rogelio is deemed to have admitted the well-pleaded allegations of
10   Principal's complaint upon entry of default judgment (*see* Fed. R. Civ. P. 8(b)(6); *Geddes*, 559
11   F.2d at 560), based on a tentative review of those allegations, the undersigned is uncertain that
12   Rogelio's admission of those facts necessarily disentitles him to any rightful claim to the benefits.
13   *See State Farm Life Ins. Co. v. Ablaza*, No. 20-cv-06519-BLF, 2021 WL 4077980, at *2 (N.D.
14   Cal. Sept. 8, 2021) (overruling R&R and denying insurer's request for entry of default judgment
15   as premature where allegations of complaint established that beneficiary would be disentitled to
16   policy benefits only following any conviction for murder); *UNUM Life Ins. Co. of Am. v. Jace*,
17   No. EDCV 15-2265 JGB (SPx), 2016 WL 11747187, at *2 (C.D. Cal. Feb. 23, 2016) (same; "As
18   the Complaint is currently pleaded, there are no facts before the Court demonstrating that Michael
19   Jace is disqualified by operation of law from receiving the policies' benefits. His mere failure to
20   appear in the case, without more, is insufficient to entitle UNUM to the relief it requests.").

21   Although the Court acknowledges the attestation of counsel for Principal that Rogelio
22   verbally has "disclaim[ed] his right to the Polices' benefits" (Doc. 25-1 ¶4), in connection with
23   any future grant of relief sought by Principal, the Court is constrained to deeming Rogelio only to
24   have admitted the well-pleaded allegations of the operative complaint.  *See Danning*, 572 F.2d at
25   1388 ("[F]acts which are not established by the pleadings of the prevailing party, or claims which
26   are not well-pleaded, are not binding and cannot support the judgment.").
27   / / /
28   / / /

**Findings and Recommendation**

For the forgoing reasons, the Clerk of Court is DIRECTED to randomly assign a district judge to this matter.

Further, the Clerk of Court is DIRECTED transmit a copy of these findings and recommendations to Defendant Rogelio Botello Diaz at his last known address (920 Fox Court, Arvin CA 93203).

Further, it is HEREBY RECOMMENDED that Principal's Motion for Default Judgment (Doc. 25) be GRANTED and that default judgment be entered against Defendant Rogelio Botello Diaz. The entry of default judgment shall not be construed as any determination of entitlement by Plaintiff Principal Life Insurance Company to any affirmative relief pleaded in its Complaint (Doc. 1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 3, 2024**                                  UNITED STATES MAGISTRATE JUDGE