UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>   v.<br><br>ESTATE OF SERGIO BOTELLO DIAZ, *et al.*,<br><br>              Defendants. | Case No. 1:23-cv-00261-KES-CDB<br><br>ORDER GRANTING UNOPPOSED MOTION TO DEPOSIT INTERPLEADER FUNDS PURSUANT TO FED. R CIV. P. 67<br><br>(Doc. 30) |

Pending before the Court is the application of Interpleader Plaintiff Principal Life Insurance Company ("Principal Life") for leave to deposit funds pursuant to Rule 67 of the Federal Rules of Civil Procedure, filed January 28, 2025. (Doc. 30). No party has filed an opposition and because the time to do so has passed, the Court construes the motion is unopposed. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). For the reasons set forth below, Principal Life's motion will be granted.

**<u>Background</u>**

According to the allegations of the complaint, Sergio Botello Diaz (the "Decedent") was at one time an employee of Grimmway Enterprises, Inc. ("Grimmway"). (Doc. 1, ¶ 11). He was a participant in an employee-sponsored, ERISA-governed employee welfare benefit plan, which

included a life insurance policy (the "plan"). *Id*. Benefits under the plan were administered by Principal Life. *Id*., ¶ 12.

The Decedent died on or about September 5, 2021, in Arvin, California. *Id*., ¶ 14. His death was deemed a homicide. *Id.* At that time, Decedent had life insurance coverage under the plan in the amount of $1,010,000.00. *Id*., ¶ 15. At the time of Decedent's death, Rogelio Botello Diaz was designated as the primary beneficiary, with no contingent beneficiary named. *Id.*, ¶ 16. On or about September 8, 2021, Rogelio Diaz submitted a claim. *Id.*, ¶ 18. Principal Life included a portion of the text of the plan in the complaint, part of which states that the benefit may be withheld if a beneficiary is a suspect in the death of the policyholder. The hold may continue until "additional information has been received or the trial has been held." If a beneficiary is found to be guilty of the policyholder's death, they may be disqualified from receiving any benefit, with payment then going to any contingent beneficiary or to the administrator of the estate. *Id.* at 5.

Principal Life repeatedly contacted Arvin Police Department to ascertain whether Rogelio Diaz was a suspect in Decedent's death. Principal Life was informed that the investigation was ongoing and no one, including Rogelio Diaz, had been cleared as a suspect. *Id.*, ¶¶ 19-22. Principal Life then contacted Guadalupe Pantoja Perez, the spouse of Decedent, who provided that she did not have any divorce documents and that such documents were not filed prior to, or at the time of, Decedent's death. Principal Life alleges that, as such, they are unable to determine without peril the party to whom the benefits under the plan are payable to. *Id.*, ¶¶ 23-24. It separately asserts that it has no beneficial interest in the benefits and is a mere stakeholder. *Id.*, ¶ 26. Principal Life seeks an order enjoining the Defendants from maintaining any action against Principal Life, Grimmway, or the plan for the recovery of any claim regarding the benefits, to be discharged as a disinterested stakeholder, and to recover its attorney's fees and costs. *Id.*, ¶¶ 30-31.

On October 10, 2023, the Clerk of the Court entered default as to Rogelio Diaz. (Doc. 23). On November 21, 2023, Principal Life filed a motion for default judgment against Rogelio Diaz. (Doc. 25). On January 3, 2024, the undersigned issued findings and recommendations to grant the motion. (Doc. 28). The findings and recommendations are awaiting review before the assigned district judge.

///

**Discussion**

Federal Rule of Civil Procedure 22(a) and 28 U.S.C. § 1335 permit a party to file an interpleader claim when the party faces possible exposure to multiple liabilities from the defendants. "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants in a single fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (internal quotations omitted). In the instant motion, Principal Life seeks to deposit $1,162,526.33 ($1,010,000.00 in benefits and $152,526.33 in interest) under the Decedent's life insurance coverage. Pursuant to Federal Rule of Civil Procedure 67, "a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. 67(a). "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Lasheen v. Loomis Co.*, No. 2:01-cv-00227-KJM-EFB, 2018 WL 4679305, at *3 (E.D. Cal. Sept. 28, 2018) (quoting *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007)). The Court's decision to allow the deposit of property pursuant to Rule 67 is discretionary. *Id*. (citing *Gulf States Util. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987)).

The Court finds that Principal Life may deposit the plan benefits into the registry of the Court.

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED that:

1. Plaintiff Principal Life's motion for order to deposit interpleader funds pursuant to Fed. R. Civ. P. 67 (Doc. 30) is GRANTED;
2. **Within 14 days** of the date of entry of this order, Principal Life shall issue and deliver a check payable to the Clerk of the United States District Court for the Eastern District of California in the amount of one million, one-hundred and sixty-two thousand, five-hundred and twenty-six dollars and thirty-three cents ($1,162,526.33);
3. Principal Life shall cause a copy of this order to be personally served upon the Clerk of the Court or the Financial Deputy; and

4. The Clerk of the Court is HEREBY DIRECTED to accept such funds and hold the same on deposit in the registry of the Court in an interest-bearing account or invest in an interest-bearing instrument, there to abide by the judgment of the Court and for future disbursement to the person or persons adjudged by the Court to be entitled thereto.

IT IS SO ORDERED.

Dated: **March 11, 2025**

UNITED STATES MAGISTRATE JUDGE

4