UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Interpleader Plaintiff,<br><br>vs.<br><br>The Estate of SERGIO BOTELLO DIAZ, ROGELIO BOTELLO DIAZ, an individual, GUADALUPE PANTOJA PEREZ, an individual, JACKELIN BOTELLO, an individual, DEISY BOTELLO, an individual, S.B., a minor, and M.B., a minor,<br><br>Interpleader Defendants. | Case No. 1:23-cv-00261-KES-CBD<br><br>ORDER<br><br>Doc. 37 |

On July 16, 2025, interpleader plaintiff Principal Life Insurance Company and interpleader defendants Estate of Sergio Botello Diaz, Guadalupe Pantoja Perez, Jackelin Botello, Deisy Botello, S.B., and M.B. (collectively, "the Signing Parties") stipulated to the discharge of plaintiff Principal Life Insurance Company and to the disbursement of the interpleaded funds to Jackelin Botello, Deisy Botello, S.B., and M.B.  All parties except interpleader defendant Rogelio Botello Diaz signed the July 16, 2025 stipulation.  *See* Doc. 37.  For the reasons explained below, the stipulation is granted as to the discharge of plaintiff but denied without prejudice as to the disbursement of the interpleaded funds.

**I.     Discussion**

The Court previously granted plaintiff's motion for default judgment against Rogelio Botello Diaz, the named beneficiary in decedent Sergio Botello Diaz's life insurance policy. Doc. 36.  The Court also granted plaintiff's request to deposit the life insurance proceeds into the Court's registry as interpleader funds, Doc. 34.  On April 15, 2025, plaintiff deposited the interpleaded funds, in the amount of $1,162,526.33, with the Court.  Doc. 35.  As the interpleaded funds are now deposited with the Court, plaintiff has previously obtained a default judgment against Rogelio Botello Diaz, and all parties other than Rogelio Botello Diaz have stipulated to plaintiff's discharge from this case and to the payment of attorney's fees to plaintiff's counsel, the Court grants the stipulated request to that extent.

However, the Court denies without prejudice the stipulated request for the disbursement of the remaining interpleaded funds.  Rogelio Botello Diaz did not sign the stipulation.  *See* Doc. 37. The prior order granting plaintiff's motion for default judgment against Rogelio Botello Diaz was rendered at the first stage of the interpleader action, where the Court "determin[es] that the requirements of [28 U.S.C.] § 1335 are met and reliev[es] the plaintiff stakeholder from liability." *Id.* (quoting *Western Conference of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858, at *4–5 (N.D. Cal. June 6, 2011).  The Court's prior order did not act to deprive Rogelio Botello Diaz of any interest he may have in the interpleaded funds.  *See* Docs. 28, 36.

The Signing Parties attached to the stipulation an exhibit that appears to be a photograph of a signed document written in Spanish, with a notary endorsement also in Spanish.  Doc. 37, Ex. 2.  They state in their stipulation that this document is a disclaimer of interest to the interpleaded funds which was signed by Rogelio Botello Diaz on January 2, 2024.  Doc. 37 at ¶ 16. However, the Signing Parties did not provide an English translation of the purported disclaimer or other evidence regarding the authenticity of the document.  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  The

Signing Parties did not do so and have not sufficiently established that the exhibit is what they claim it to be.

Nor have the Signing Parties provided authority establishing that a stipulation that does not include all interpleader defendants is an appropriate procedure for disbursing interpleaded funds, where the other interpleader defendants have not obtained a judgment terminating any interest of Rogelio Botello Diaz in the funds.

## II.  Conclusion and Order

Accordingly,

1. The stipulation, Doc. 37, is GRANTED as to the discharge of plaintiff;
2. Plaintiff is DISMISSED with prejudice from this action and discharged of any and all further liability with respect to, affecting, or in any way arising out of Sergio Botello Diaz's life insurance policy;
3. The interpleader defendants shall be permanently enjoined from instituting or prosecuting any other proceeding, arbitration, or lawsuit against plaintiff or any of its former, current, and future parent companies, subsidiaries, affiliates, agents, predecessors, successors, or assigns (including, but not limited to, Principal Life Insurance Company, Principal Financial Services, Inc., and Principal Financial Group, Inc.) with respect to Sergio Botello Diaz's life insurance policy benefits and any and all claims that were or could have been raised in this action against plaintiff;
4. Maynard Nexsen LLP shall be paid sixty-five thousand five-hundred ninety-four dollars and twenty-three cents ($65,594.23) for attorney fees. The Clerk's Office shall make the check payable to "Principal Life Insurance Company c/o Maynard Nexsen";
5. The stipulation, Doc. 37, is DENIED without prejudice as to the disbursement of the remaining interpleaded funds.  As to such interpleaded funds, the interpleader defendants may proceed based on their stipulation if Rogelio Botello Diaz files, with this Court, a properly documented disclaimer of interest to the interpleaded funds. *See Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1311–1314 (10th Cir.

2022) (party's disclaimer of interest filed in interpleader action constituted a judicial admission sufficient to relieve party of interest in interpleaded funds). Alternatively, the interpleader defendants may file a new stipulation and proposed order, signed by all defendants including Rogelio Botello Diaz, concerning their requested disbursement of the funds, or the interpleader defendants may file a noticed motion for disbursement of the interpleaded funds showing that they are entitled to the funds; and

6. This case shall remain open pending a final determination of the interpleader defendants' entitlement to the remaining interpleaded funds.

IT IS SO ORDERED.

Dated: July 31, 2025

_____
UNITED STATES DISTRICT JUDGE